| | |
|---|---|
| **DISTRICT COURT, FREMONT COUNTY, COLORADO**<br><br>Court Address:    136 Justice Center Road<br>Canon City, CO 81212 | |
| Plaintiff:    Kristi DeGarmo<br><br><br>Defendant: National General Assurance Company | ▲COURT USE ONLY ▲ |
| Patricia A. Meester, #29523<br>DezaRae LaCrue, #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number:      (303) 757-3300<br>Fax Number:        (303) 759-5203<br>E-Mail:          meesterp@fdazar.com<br>             lacrued@fdazar.com<br>Attorneys for Plaintiff | Case Number: 2015CV030069<br><br>Division: 2 |
| **SUMMONS** | |

THE PEOPLE OF THE STATE OF COLORADO
TO THE DEFENDANT(S) ABOVE-NAMED:  National General Assurance Company

You are summoned and required to file with the Clerk of this Court, an Answer or other response to the attached Complaint within twenty (21) days after this Summons is served on you in the State of Colorado, or within thirty (35) days after this Summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the Complaint, without any further notice to you.

The following documents are also served with this Summons: Complaint and Civil Case Cover Sheet

Respectfully submitted this 10th day of April, 2015.

                                FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                */s/ Patricia A. Meester*
                                Patricia A. Meester, Reg. # 29523
                                ATTORNEYS FOR PLAINTIFF

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended.  A copy of the Complaint must be served with this Summons.

<table>
<tr><td>

DISTRICT COURT, FREMONT COUNTY,<br>
COLORADO

Court Address:   136 Justice Center Road<br>
                   Canon City, CO 81212

</td><td rowspan="2">

▲COURT USE ONLY▲

</td></tr>
<tr><td>

Plaintiff:   Kristi DeGarmo

Defendant:  National General Assurance Company

</td></tr>
<tr><td>

Patricia A. Meester, #29523<br>
DezaRae LaCrue, #40290<br>
Franklin D. Azar & Associates, P.C.<br>
14426 East Evans Avenue<br>
Aurora, Colorado 80014<br>
Phone Number: (303) 757-3300<br>
Fax Number:    (303) 759-5203<br>
E-Mail:         meesterp@fdazar.com<br>
                 lacrued@fdazar.com<br>
Attorneys for Plaintiff

</td><td>

Case Number: 2015CV030069

Division: 2

</td></tr>
<tr><td colspan="2" align="center">

**COMPLAINT**

</td></tr>
</table>

       Kristi DeGarmo (hereinafter "Plaintiff"), by and through the undersigned counsel, for her Complaint for damages, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    At the time of the motor vehicle accident, Plaintiff resided in the City of Canon City, County of Fremont, State of Colorado.

2.    Upon information and belief, at all times relevant hereto, Defendant National General Assurance Company (hereinafter "Defendant National General") was and is a corporation doing business in the State of Colorado.

3.    Venue is proper in this action pursuant to C.R.C.P. 98.

## GENERAL ALLEGATIONS

4.      On or about August 30, 2013 at or near the intersection of College Avenue and 12th Street, in the City of Canon City, County of Fremont, State of Colorado, Plaintiff was involved in a motor vehicle accident with an underinsured motorist.

5.      At the time of the crash, Andrea Jones was driving east on College Avenue behind Plaintiff, who was stopped at a stop sign.

6.      At the time of the crash, Ms. Jones took her eyes off the road and collided with the rear of Plaintiff's vehicle.

7.      Ms. Jones operated her vehicle in a negligent manner and caused the collision.

8.      As a direct, proximate and foreseeable result of Ms. Jones' negligence, Plaintiff sustained injuries, damages and losses.

9.      Plaintiff was not negligent on the occasion in question.

10.     No third party caused, or contributed to the cause, of the accident and Plaintiff's injuries, damages, and losses.

## FIRST CLAIM FOR RELIEF
### *(Breach of Contract)*

11.     The allegations contained above are incorporated herein by reference as if now set forth verbatim.

12.      Sometime prior to the accident, Plaintiff entered into entered into a contract, or was a beneficiary of a contract, with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists. At all times pertinent to the above-referenced action, all the premiums as required under the contract for insurance were paid to Defendant.

13.     Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and has otherwise fully cooperated with Defendant in connection with the claim.

14.     Plaintiff is an intended beneficiary of Defendant's policy/contract, and is therefore entitled to enforce its terms.

2

15.     Plaintiff has made a demand upon Defendant, and Defendant has refused to pay Plaintiff amounts due to her under the underinsured motorist coverage provision of her policy; therefore, Defendant has breached its contract of insurance.

16.     Plaintiff is entitled to be compensated by Defendant for all damages she has incurred, including reasonable and necessary medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings, and earning capacity, permanent disfigurement, impairment and/or disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
*(First Party Statutory Claim Under C.R.S. Section 10-3-1116))*

17.     The allegations contained above are incorporated herein by reference as if now set forth verbatim.

18.     Defendant has denied and delayed payment of underinsured motorist benefits to Plaintiff without reasonable basis for its action.

19.     Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her, and which Defendant should have previously paid to her.

20.     In accordance with C.R.C. Section 10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered uninsured motorist benefits, plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
*(Bad Faith)*

21.     The allegations contained above are incorporated herein by reference as if now set forth verbatim.

22.     Sometime prior to the accident, Plaintiff entered into a contract with Defendant, or was a beneficiary of the contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. At all times pertinent to this action, all the premiums as required under the contract for insurance were paid to Defendant.

23.     Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with this claim.

24.     Plaintiff is an intended beneficiary of Defendant's insurance policy/contract, and is therefore entitled to enforce its terms.

3

25.     Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling her claim.

26.     Defendant breached its duties to Plaintiff as its insured, and acted in bad faith through its conduct as described above, and by engaging in the following, among other acts:

     (a)     Compelling this Plaintiff to institute litigation to recover amounts due her under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy by failing to appropriately recognize disfigurement as a category of recoverable damages;

     (b)     Favoring the interests of Defendant, an insurer, over those of Plaintiff, an insured, to whom Defendant owes fiduciary and statutory duties;

     (c)     Failing to conduct an adequate investigation regarding coverage issues;

     (d)     Failing to conduct an adequate and fair investigation of the facts and circumstances surrounding Plaintiff's claims.

     (e)     Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist; and

27.     Defendant's actions are unreasonable.

28.     Defendant knew its conduct was unreasonable, or disregarded the fact that its conduct was unreasonable.

29.     As a direct result of Defendant's unreasonable conduct and breaches of its duties to its insured, Plaintiff has been damaged including, but limited to:

     a.     Being forced to incur additional costs of litigation;

     b.     Enduring the emotional trauma of being involved in a lawsuit with Defendant, due to the unreasonable conduct of the Defendant insurance company; and

     c.     Being deprived of the use of funds that would otherwise be used for medical treatment, and to compensate Plaintiff for other losses that she incurred which should have been paid by now.

     WHEREFORE, Plaintiff requests the Court enter judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, attorney's fees and costs, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiff's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

4

Respectfully submitted this 10th day of April, 2015.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
*s/Patricia Meester*
Patricia A. Meester, #29523
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address**
**1360 Tennessee Avenue**
**Canon City, CO 81212**

5

| | |
|---|---|
| **DISTRICT COURT, FREMONT COUNTY, COLORADO**<br><br>Court Address:   136 Justice Center Road<br>Canon City, CO 81212 | |
| Plaintiff:   Kristi DeGarmo<br><br>Defendant:  National General Assurance Company | ▲COURT USE ONLY▲ |
| Patricia A. Meester, #29523<br>DezaRae LaCrue, #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number:  (303) 757-3300<br>Fax Number:    (303) 759-5203<br>E-Mail:       meesterp@fdazar.com<br>          lacrued@fdazar.com<br>Attorneys for Plaintiff | Case Number: 2015CV030069<br><br>Division: 2 |

### DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

1.      **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.** Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.   **Check one of the following:**

☐This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

- The case is filed within the period of January 1, 2012 through December 31, 2013; *AND*

- The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

- The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

☑This case is not governed by the Colorado Civil Access Pilot Project Rules.

*NOTE:* ***Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02*** *(available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3.  **If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**
    ☐This case is governed by C.R.C.P. 16.1 because:

    -   The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

    -   A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

    ☑This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

        ☐The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

        ☑A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

    *NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

    ☐A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

        ☐C.R.C.P. 16.1 applies to this case.
        ☐C.R.C.P. 16.1 does not apply to this case.

4.  ☑This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)


Date: <u>April 10, 2015</u>                                   FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                                              */s/ Patricia A. Meester*
                                                              Patricia A. Meester


2